# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KASEY RENE BERTLING and L.E.B., § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> KARNE RENA WESTRUP, LUKE ALAN § <br> BAIRD, LORI PIZZUTI, ANTHONY § <br> PIZZUTI, and GALVESTON COUNTY § <br> COURT AT LAW NUMBER 1, § <br> § <br> *Defendants*. | Civil Action No. SA-18-CV-563-XR |

## ORDER

On this date, the Court considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation regarding the above numbered and styled case, filed August 13, 2018, (Docket no. 8), and Plaintiffs Kasey Rene Bertling and L.E.B.'s objections thereof, filed August 28, 2018 (Docket no. 12). After careful review, the Court ACCEPTS Magistrate Judge Bemporad's recommendation and DISMISSES this complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiffs, acting *pro se*, filed this complaint on July 23, 2018. Docket no. 5. Plaintiffs were granted leave to proceed *in forma pauperis* ("IFP"). Docket no. 4. Plaintiff Bertling brings this complaint on her own behalf and on behalf of L.E.B. The complaint alleges Plaintiff Bertling is the mother of Plaintiff L.E.B., a minor. Plaintiffs allege Plaintiff L.E.B. was wrongfully taken from Plaintiff Bertling by Defendants, who include L.E.B.'s maternal grandmother Karen Westrup, biological father Luke Baird, and paternal grandparents Anthony

and Lori Pizzuti. Docket no. 5 at 5–8. Plaintiffs allege this wrongful act was accomplished through court proceedings brought before Defendant Galveston County Court at Law Number 1. *Id.* Plaintiffs allege Defendants violated criminal statutes 18 U.S.C. §§ 228, 241, 402, 1621, 1623, 2261, and 2262, along with 22 U.S.C. § 7102, Article VI of the Constitution, and the First, Fourth, Fifth, Thirteenth, and Fourteenth Amendments. Docket no. 5 at 3.

Magistrate Judge Bemporad issued a Show Cause Order on July 23, 2018. Docket no. 3. The order informed Plaintiffs their complaint would likely be dismissed for failure to state a claim because: (1) Plaintiffs cannot enforce federal criminal laws in civil actions as private citizens; (2) Plaintiffs assert Defendants violated the definitions section used in the Trafficking Victims Protection Act, but did not indicate how the section was violated; (3) Plaintiffs do not demonstrate how a 42 U.S.C. § 1983 claim is applicable to Defendants, who are non-state actors; and (4) Plaintiffs' claim against the defendant county courthouse is barred by judicial immunity. *Id.* at 2–3. Additionally, Plaintiffs were informed the complaint was subject to dismissal under the *Rooker-Feldman* doctrine because it appears to bring a federal claim regarding a state court ruling, when the proper course is to file an appeal in that state court. *Id.* at 3; *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Plaintiffs filed a response to the Show Cause Order on July 24, 2018. Docket no. 6. The response addressed some of the issues raised, but failed to address the issues regarding the Trafficking Victims Protection Act and the *Rooker-Feldman* doctrine. Docket no. 8 at 3. Magistrate Judge Bemporad issued a Report and Recommendation on August 13, 2018, recommending Plaintiffs' case be dismissed for lack of subject matter jurisdiction and for

2

failure to state a claim for relief. Docket no. 8 at 5. As provided by Rule 72(b), Plaintiffs had 14 days to file specific written objections to the Report and Recommendation. FED. R. CIV. P. 72(b)(2). Plaintiffs timely filed their objections to the Report and Recommendation on August 20, 2018. Docket no. 12. Plaintiffs' objections did not list specific objections to the Report and Recommendation, but instead generally objected to the dismissal of the claim. Docket no. 12 at 1.

## LEGAL STANDARD

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On the other hand, any Report or Recommendation that is objected to requires *de novo* review. Such a review means the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Additionally, "[p]arties filing objections must specifically identify those findings objected to." *Nettles v. Wainwright,* 677 F.2d 404, 410 n.8 (5th Cir. 1982).

Plaintiffs timely filed a response to the Magistrate Judge's Report and Recommendation. While Plaintiffs' response does not specifically object to any of the issues

3

outlined in the Magistrate Judge's Report and Recommendation, the Court, in an abundance of caution, will nevertheless conduct a *de novo* review.

## ANALYSIS

When a complaint is brought pursuant to 28 U.S.C. § 1915, a court "shall dismiss the case at any time if the court determines" the plaintiff "fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915 (e)(2)(B)(iii). To state a claim for relief, a plaintiff's allegations must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires that the factual allegations be more than mere conclusions and "raise a right to relief above the speculative level." *Id.* at 555. Additionally, courts must examine the basis of jurisdiction, on their own motion if necessary. *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citing *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000)).

As the Magistrate Judge correctly concluded, Plaintiffs' case must be dismissed for failure to state a claim and lack of subject matter jurisdiction. Plaintiffs initially alleged Defendants violated multiple federal criminal statutes. As stated by the Magistrate Judge, private citizens are not able to enforce criminal statutes through civil proceedings. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); *see also Yee v. Passline Services, LP*, No. EP-17-CV-317-PRMM, 2018 WL 507083, at *3 (W.D. Tex. Jan. 22, 2018) (noting relief through a civil action was not available for violation of a criminal statute).

In their response to the show cause order, Plaintiffs argue they have authority to enforce criminal statues based on *United States v. Kordel*, 397 U.S. 1 (1970), and the

4

Racketeering Influenced and Corruption Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq*. Docket no. 3.

*Kordel* is inapplicable because it did not involve criminal proceedings brought by private actors, but instead involved the Government's use of interrogatory answers from a civil case in a criminal proceeding when no privilege was initially invoked at the time the answers were given. *Kordel*, 397 U.S. at 11. Plaintiffs' reliance on a footnote acknowledging that civil proceedings may be stayed during parallel criminal proceedings is also misplaced, as it does not give private actors standing to pursue relief through criminal statutes. *Id.* at 12 n.27.

Additionally, RICO does not authorize Plaintiffs to pursue criminal proceedings in the case at issue. RICO specifically gives courts authority to hear criminal and private civil actions brought under the Act. *See* 18 U.S.C. § 1964(c). The criminal statutes Plaintiffs alleged were violated do not include such provisions.

Plaintiffs also allege Defendants violated several of their constitutional rights and invoke 42 U.S.C. § 1983. Defendants Westrup, Baird, and Lori and Anthony Pizzuti, however, are private citizens who cannot be subject to liability through a § 1983 claim. Section 1983 claims are enforceable against state actors, not private citizens. *See Thibodeaux v. Bordelon*, 740 F.2d 329, 332–33 (5th Cir. 1984) ("Section 1983 affords redress only for conduct committed by a person acting under color of state law.").

Defendant Galveston County Court is a state actor,[1] but judges have immunity against civil suits when acting within their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[G]enerally, a judge is immune

---

[1] As did the Magistrate Judge, this Court notes that while Plaintiffs did not sue the judge by name, the complaint indicates that claims against "the Court" are based on orders of the judge of that Court. *See* Docket no. 5.

from a suit for money damages."). Additionally, injunctive relief is generally not available when a judge acts within his judicial capacity unless there is a violation of a declaratory decree or declaratory relief is unavailable. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). In their response to the show cause order, Plaintiffs allege judicial immunity does not apply to their § 1983 claim against Defendant Galveston County Court because there was a violation of clearly established rights under federal law. This argument is not supported, nor does it dispense with Defendant Galveston County Court's judicial immunity. While judicial immunity is applicable to § 1983 claims, there are two exceptions: (1) when actions are not done within judicial capacity; or (2) when actions are taken "in the complete absence of all jurisdiction." *See Davis v. Tarrant Cty.*, 565 F.3d 214, 221 (5th Cir. 2009). Plaintiffs have not shown either exception is applicable to their current claims. Since the judge of the Galveston County Court is the only state actor named in the complaint and that judge has judicial immunity, Plaintiffs fail to state a claim under § 1983.

In their response to the show cause order, Plaintiffs cite § 1985 as providing relief for their claims. While § 1985 provides private actions against conspiracies to interfere with civil rights, such actions may not be brought for "all tortious, conspiratorial interferences with the rights of others." *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971). A § 1985 cause of action requires "invidiously discriminatory motivation stressed by the sponsors of the limited amendment," particularly racial or other invidious class-based discrimination. *Id.* at 102. Plaintiffs allege no such discrimination here.

Last, as indicated in the show cause order and the Report and Recommendation, Plaintiffs appear to bring federal claims in response to a ruling decided within a state court

6

instead of utilizing the appeals process. The *Rooker-Feldman* doctrine provides that such claims brought in federal district courts are subject to dismissal. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts are courts of original jurisdiction and are not authorized to exercise appellate review to reject state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, courts regularly apply the *Rooker-Feldman* doctrine to cases involving family related disputes. *Evans v. Williamson Cty. Gov't*, No. A-15-CV-436-SS, 2015 WL 4621449, at *4 (W.D. Tex. May 28, 2015), *rec. accepted*, 2015 WL 4624708 (W.D. Tex. July 31, 2015). Plaintiffs failed to address the *Rooker-Feldman* doctrine in their response to the show order cause or their objection to the Report and Recommendation.

## CONCLUSION

For the reasons set out above, the Court ACCEPTS the Magistrate Judge's recommendations. Plaintiffs' claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

SIGNED this 16th day of October, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE